FILED

98 NOV 30 PM 4: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

DEC 1 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| RANGER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| DORA GAS AND WATER BOARD, et al., | ) | 95-C-1851-W |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION GRANTING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT**

Cross-motions for summary judgment have been filed. The parties agree that, in this case, the material facts are not disputed. Based on those facts, the defendants Dora Gas and Water Board ("the Board"), its members and former Dora Mayor George Sides are entitled to a declaratory judgment as a matter of law.

I

In September 1994, The Town of Sumiton (Alabama) Water Works Board ("Sumiton") commenced an action against the Board and Bryan-Burnwell Water Authority ("Bryan") in the Circuit Court of Walker County. In the lawsuit, Sumiton claims that the Board

33

tortiously, in bad faith, and outrageously interfered with a Sumiton-Bryan contract under which Sumiton was obligated to supply water to Bryan; and that the Board, Sides and Bryan conspired with each other for the purpose of avoiding the Sumiton-Bryan contract.

The plaintiff, Ranger Insurance Company ("Ranger") provided certain liability insurance coverage to the Board under a Commercial General Liability Insurance Policy ("CGLIP") and a Public Officials and employees Liability Insurance Policy ("POELIP"), effective February 15, 1994, through February 15, 1995.

Faced with the underlying lawsuit in state court, the Board and the individual defendants turned to the Ranger POELIP.

Denying an obligation to defend and indemnify, Ranger filed this declaratory judgment action seeking an order declaring that there is no coverage under the CGLIP and the POELIP. The defendants filed a counterclaim against Ranger, seeking a declaration of coverage.

II

The defendants agree that there is no duty on the part of Ranger to defend or indemnify under the CGLIP.

2

The POELIP obligates Ranger to defend and indemnify the defendants for "all losses which [they] shall be required to pay for any civil claim or claims first made against them because of a Wrongful Act. . . ." POELIP, p. 1. "Wrongful Act" is defined as "any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty including misfeasance, malfeasance, and non-feasance by an insured, as a public official or employee of the public entity." Id. at 6.

The exclusion section of POELIP contains the following provision:

> The company shall not be liable to make any payment of Loss in connection with any claim:
> . . . .
> B.  Brought about or contributed to by the dishonesty of the insureds; however, not withstanding the foregoing, the insureds shall be protected under the terms of this policy as to any claims upon which suit is brought against them because of any alleged dishonesty on the part of the insureds, unless a judgment or other final adjudication thereof adverse to the insureds shall establish that acts of dishonesty committed by the insured were:
>
>> 1.  Deliberate
>> 2.  With actual dishonest purpose and intent; and

> 3. Material to the cause of action so adjudicated;
>
> ....
>
> D. Arising out of contract.

Count One of the underlying complaint alleges a breach by the defendants of a contract between Sumiton and Dora. There is no evidence that the defendants were parties to that contract. Count Two alleges a "bad faith" breach of contract. Count Three alleges the tort of intentional interference with a contract and/or business relationship. Count Four alleges civil conspiracy; and Count Five alleges the tort of outrage.

### III

To the extent that Ranger contends that the defendants are not "insureds" under POELIP and/or that its notice provisions were not satisfied by the defendants, it has offered no supporting evidence. The undisputed facts are that (1) the defendants are "insureds," within the meaning of the policy, and (2) the defendants provided to Ranger timely notice of their claim.

Ranger contends that coverage is excluded because the claims in the underlying action fall into the "arising out of contract" exclusion of the POELIP. But as noted earlier, the

4

defendants are not parties to the contract allegedly breached. Moreover, the "arising out of" language is ambiguous in the context of the underlying state action; and under the more favorable interpretation to which the defendants are entitled. The Sumiton claims against them, as opposed to Dora, do not arise out of contract.

Ranger's reliance on the dishonesty exclusion is also misplaced, because there has not been a "judgment or other final adjudication" of dishonesty.

IV

Under Alabama law, a determination of the duty of an insurer to defend its insured is based on the allegations of the complaint. If the allegations of the complaint relate to an occurrence within the coverage of the policy, then the insurer is obligated to defend, whether or not it is ultimately responsible for indemnification. Moreover, an insurer's duty to defend is more extensive than its duty to pay. <u>Ladner & Co., Inc. v. South Guaranty Ins. Co.</u>, 347 So.2d 100, 102 (Ala. 1997).

5

Conclusion

On the undisputed facts, Ranger is obligated to provided a defense for the defendants on the underlying action.

By separate order, a declaratory judgment shall issue in favor of the defendants.[1]

DONE this 30th day of November, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

---

[1] The defendants have filed a counterclaim against Ranger, alleging a breach of the duty of good faith inherent in insurance contracts. Chavers v. National Security Fire & Casualty Co., 405 So.2d 1 (Ala. 1988). In the Court's view, the pleadings and proof have established the existence of a justiciable controversy as to the legal basis for denying the claim. Therefore the bad faith counterclaim will not lie. *Id.*, at 10.
The counterclaim is therefore due to be dismissed.

6